UNITED STATE DISTRICT COURT

DISTRICT OF CONNECTICUT

MUSTAFA BILAL

vs.

MARK SIRDIS, ET AL

JOHN DOE, JOHN Luppichino,

John O'Connell, John Souzo,

John Stoldt, John MeGeowe

Sued in their individual Capacities

DOCKet NO: 3:03 CV120 (SRU)(WIG)

: JURY TRIAL DEMANDED

## AMENDED COMPLAINT

IN accord with Federal Rule 15(a) Plaintiff MUSTAFA BILAL, amend his complaint against defendants of East Hartford POLICE Department.

### JURISDICTION

The Court has Jurisdiction over Plaintiff Claims of violation of Federal Constitutional rights, under 42 U.S.C. §1983 28 U.S.C. 1343(3) 1983.

### STATEMENT OF CLAIM

This is a Civil Rights Action, Filed by Plaintiff MUSTAFA BILAL, for Compensatory and Punitive damges, under 42 U.S.C. Sec. 1983.

1.) Plaintiff alleges that on march 11, 2000, defendants violation of Due Process Procedures, by illegal Search and Seizure, Fourth Amendment of the United States Constitution.

2.) Plaintiff alleges that on march 11, 2000, defendants discriminated against him, by violating Due Process in depriving him of Liberty

and Property in relation to equal Protection of the United States Constitution, and their own municipal Policy on discrimination.

3.) Plaintiff alleges that on March 11, 2000, defendants violated the Eight Amendment ban on cruel and unusual Punishment, by forcefully assaulting him, and disallowing medical treatment with deliberate indifference.

4.) Plaintiff alleges that on March 11, 2000, defendants discriminated against him under the Federal Act Title VII because of Race, Creed, Religion.

## Parties

(A) 1.) Plaintiff MUSTAFA BILAL, Presently incarcerated in one of Connecticut Correction facility (MacDougall).

2.) Defendant Mark Sirois is act chief of the Municipality of East Hartford Police Dept. has the affirmative duty of Supervising the department Policies Procedure, Customs and its employees to compliance with State Statues promulgated by the body's officers and ensuring Policies Procedures, Customs, Ordinances, regulations, to ensure adequate training of his subordinate, so as to Protect citizens from irreparable harm. he is sued in his individual capacity.

3.) Defendant Sergeant John Luppichino, is a supervision officer employed at east Hartford Police dept. who is in charge of the supervision of the subordinate officers, Sergeant Luppichino, first name at Presently is not known to Plaintiff, he is sued in his individual capacity.

4.) Defendant Sergeant John Doe, is a Sergeant employed in a supervision Position at east Hartford Police Dept. he is sued in his individual capacity.

5.) Defendants John O'Connell, John McGeowe, John Souza, and John Stoldt, are Police officers employed at East Hartford Police department, who first names at Presently is not known to the Plaintiff, is sued in their individual capacities.

6) All the defendants have acted and continue to act under color of state law at all times relevant to this complaint.

(B) 1.) On about March 11, 2000, at about 10:30 P.M. the Plaintiff was sitting in his apartment without any visible means of knowing if Plaintiff was home or not, and while Plaintiff was watching T.V. there came a loud banging on the front door of his apartment.

2.) The Plaintiff finding himself in a state of confusion proceeded to discover who was the perpetrator of this noise only to fine, at that very moment his Kitchen door coming open.

3.) The defendants was entering into his apartment without a warrant, or identifying themselves as officers, screaming get down you maggot piece of crap before we blow your head off Nigger.

Excessive force to assault

(C) 1.) Defendants O'Connell, and McGeowe, grabbed the Plaintiff and proceeded to throw him face down on the floor, searched and handcuffed him.

2.) Defendants Souzo, and Doe, begain physically kicking and punching him in the head and mid torso which cause nose bleed, chest pains, and server headaches.

3.) During these events the defendant Luppichino, stood by and did not intervene. showing deliberate indifferences.

4.) During these events the Plaintiff did not resist or threaten the officers in any fashion.

5.) The Plaintiff repeatedly asked defendant Luppichino, what was he being charge with, the defendant Luppichino, refused to answer until Plaintiff was in the police station.

<u>Denial of Due Process</u>

(D) 1) The Plaintiff states, base on facts and investigation, the victim claimed she was sexually assaulted she should have been immediately taken to a hospital, for a physical examination, consisting of, but not limited to vagina abrasion, bruises on and about the body, semen sample should have been taken, alone with hair and blood sample from the allege perpeturator of the crime, a sworn statement should have been taken from the victim allowing the Police Officers time to draw up a affidavit to take to a magistrate Judge, for the purpose of a warrant, but none of these procedures were followed, and the defendant Chief Mark SIROIS, failure to supervise his subordinate makes him liable for the illegal entry into Plaintiff apartment and subsequently cuffed, searched, beaten and imprisoned, which is a malicious denial of liberty without due process in violation of the fourteeth amendment of the U.S. Constitution.

<u>Denial of medical treatment</u>

(E) 1.) The Plaintiff on march 11, 2000, around 11:30 P.m. ask to be seen by a Physician.

2.) Defendant Luppichino, informed the Plaintiff that he did not specialized in arranging medical appointment, shows deliberate indifference.

3.) As a result of this incident the Plaintiff suffered multiple physical injuries including nose bleeding, dizziness, and cuts in the mouth, chest pains, bruises on the body, The Plaintiff also suffer now from extreme psychological and emotional distress, lost of Job wages, and housing, the defendant SIROIR, collectively conspired with his subordinates to cause this irreparable harm, as well as failing to provide adequate medical treatment.

(F). 1.) The defendants was aware of Plaintiff race, creed, and religion. at the time of his arrest, and incarceration. the use of racial slurs along with the Physical beating together with the illegal search and seizure and denial of his liberty without due process, is in strict violation of his 4th, 8th, and 14th Amendment of the constitution of the United States and Title VII Federal act.

## Claims for Relief

(G) 1.) The action of defendants Luppichino, O'connell, McGeowe, souzo, and Doe, in using Physical force against the Plaintiff without need or Provocation, or in failing to intervene to Prevent the misuse of force were done maliciously and Sadistically and constituted cruel and unusual Punishment in violation of the Eighth Amend. of the U.S. Constitution.

2.) The failure of defendant Siroir, to take disciplinary or other action to curb the known Patten of Physical abuse of citizens by defendants O'connell, McGeowe, souzo, and Doe, constituted deliberate indifference, and contributed to and proximately cause the above described violation of the Eighth Amend. rights and assault and battery.

3.) The action of defendant Luppichino, in refusing to investigate the seriousness of the charges, and follow Proper Procedures by drawing up an affidavit to take to a magistrate Judge, for the Purpose of a warrant. denied the Plaintiff the due Process of law, in violation of the Fourteen Amend. of the U.S. Constitution.

4.) The action of defendant Sirois, refusing to discipline and train his subordinates in the proper procedures of accosting to arrest. without violating its citizens civil rights, makes him liable for the false arrest and incarceration of Plaintiff, further violating Due Process clause of the Fourteenth Amend, of the U.S. Constitution.

5.) The failure of defendants Luppichino, O'Connell, McGeowe, Souzo, and Doe, to obtain a warrant when they had Plaintiff apartment surrounded do not justify there illegal entry with the doors locked, to search and seiz Plaintiff, without a warrant was a deprivation of his liberty and violating the Fourth Amend. U.S. Constitution,

Relief Requested

WHEREFORE, Plaintiff requests that the court grant the following relief: Award Compensatory Damages in lump sum amount.

4.) In the amount of Five Hundred Thousand Dollars Jointly and Severally against Sirois, Luppichino, O'Connell, McGeowe, Souzo, Stoldt, and Doe, for the Phycological and emotional anguish, as well as, the Physical injuries sustained as a result of Plaintiff arrest and incarceration, by failure of due process in violation of his Fourth Amend. of the U.S. Constitution.

B.) In the amount of Five Hundred Thousand Dollars Jointly and Severally against Sirois, Luppichino, O'Connell, McGeowe, Souzo, Stoldt, and Doe, for the Punishment and emotional, and Phycological anguish and Physical injuries sustained as a result of defendants denial and deprivation of Plaintiff Privileges under liberty and Property without Due Process of law Pursuant Fourteenth Amend. U.S. Constitution in connection with the Plaintiff arrest and incarceration.

C.) In the amount of Five Hundred Thousand Dollars against Sirois, Luppichino, O'Connell, McGeowe, Souzo, Stoldt, and Doe, for Physical injuries, denial of medical treatment, Phycological and emotional anguish sustained resulting from defendant cruel and unusual Punishment by deliberate indifference under the Eight Amend. U.S. in connection with Plaintiff arrest and incarceration.

D.) In the amount of Five Hundred Thousand Dollars against Sirois, Luppichino, O'Connell, McGeowe, Souzo, Stoldt, and Doe, for the Phycological Punishment, and emotional anguish sustained as a result of defendants acts of discrimination, because of race, creed, and religion, in connection with Plaintiff arrest and incarceration Pursuant Title VII Federal Act.

Award Punitive Damages in lump sum amount.

1.) Five Hundred Thousand Dollars against defendants Sirois, Luppichino, O'Connell, McGeowe, Souzo, Stoldt, and Doe.

2.) Grant such other relief as it may appear that Plaintiff is entitled

Respectfully Submitted

Mustafa Bilal

1153 East Street South

MacDougall Corr. Inst,

Suffield, CT.

06080

7-11-04

# CERTIFICATION

I hereby Certify that the foregoing, to be true to the best of my ability on this <u>11th</u> Day of July 2004

Defendants Attorney

Assistant Attorney General
915 Lafayette BLVD
Bridge Port, CT
                    06604

By. Mustafa Bilal
MUSTAFA BILAL
1153 East Street South
MacDougall Corr. Inst.
Suffield, CT
                    06080