UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MUSTAFA BILAL,                          :  NO. 3:03CV0120(SRU)WIG
    Plaintiff,

vs.

MARK SIROIS, JOHN DOE,
JOHN LUPPICHINO, JOHN O'CONNELL,
JOHN SOUZO, JOHN STOLDT and
JOHN McGEOWE,                           :  JANUARY 14, 2005
    Defendants.

## DEFENDANTS' MOTION TO DISMISS

Pursuant to F.R.C.P. 12(b)6, the defendants in this action hereby move to dismiss all claims against them.  Plaintiff's claims are barred by the applicable statute of limitations, as demonstrated by the allegations of the complaint and the docket record of this court.

A memorandum in support of this motion is submitted herewith.

WHEREFORE, the defendants request plaintiff's claims against them be dismissed.

DEFENDANTS, MARK SIROIS, JOHN
DOE, JOHN LUPPICHINO, JOHN
O'CONNELL, JOHN SOUZO, JOHN
STOLDT and JOHN McGEOWE

BY_____
Scott M. Karsten
Federal Bar No.: ct05277
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney
skarsten@sackspec.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been
mailed, postage prepaid, this 14th day of January, 2005, to the
following:

Mustafa A. Bilal
Inmate Number 126798
MacDougall Correctional Institution
1153 East Street South
Suffield, CT 06080

_____
Scott M. Karsten

- 2 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MUSTAFA BILAL,                          :  NO. 3:03CV0120(SRU)WIG
     Plaintiff,

vs.

MARK SIROIS, JOHN DOE,
JOHN LUPPICHINO, JOHN O'CONNELL,
JOHN SOUZO, JOHN STOLDT and
JOHN McGEOWE,                           :  JANUARY 14, 2005
     Defendants.

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

### PRELIMINARY STATEMENT

Plaintiff Mustafa Bilal alleges in his complaint that, on March 11, 2000, officers of the East Hartford Police Department unlawfully arrested him and violated various of his federally-protected rights.  Amended Complaint, "Statement of Claim".

However, not until well after three years later did plaintiff purport to commence this lawsuit against these named defendants.  As a result, his claims are now barred by the statute of limitations and must be dismissed.

### ARGUMENT

It is well-established under the federal jurisprudence in this District that the general three-year personal injury

statute of limitations of Conn. Gen. Stat. § 52-577 is that
applicable to civil rights claims under 42 U.S.C. § 1983.  E.g.,
Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994); In Re
State Police Litigation, 888 F.Supp. 1235, 1248-49 (D. Conn.
1995).

   Plaintiff alleges that he was unlawfully arrested and his
various other civil rights were violated on March 11, 2000.[1]
Thus, unless plaintiff successfully commenced this action
against the defendants not later than March 11, 2003, his claims
are barred.  Under Rules 3 and 5(e) of the Federal Rules of
Civil Procedure, a civil action (including a pro se action) is
commenced by filing a complaint with the clerk.  Tolliver v.
County of Sullivan, 841 F.2d 41, 42 (2d Cir. 1988).

   As the court's docket reflects, plaintiff Bilal did file a
"complaint" on January 16, 2003, within the statutory
limitations period.  However, the only named defendant in that
complaint was the "East Hartford Police Department".[2]  Docket

---

[1]  Conspicuously, plaintiff, an incarcerated prisoner, does not allege that
the underlying criminal charges arising from his "unlawful" arrest were
terminated in his favor.  The inability to establish that element would also
be fatal to all his claims except those for excessive force.
[2]  The identity of the sole defendant referenced in that complaint was
reported by the Clerk's Office, after examination of the docket entries, to
the office of the undersigned counsel on January 12, 2005.

entries 2, 3.  This defendant was "terminated" on February 27, 2004, according to the civil docket.  Exhibit A.

The initial complaint and his other papers were returned to plaintiff on April 3, 2003 for various insufficiencies, which he eventually corrected.  However, not until April 14, 2004 did plaintiff procure leave to file a complaint which named any of the present individuals as defendants.  That complaint, already beyond the limitations period, named only the Chief of Police, Mark Sirois; other than Chief Sirois, plaintiff merely referred to five John Doe police officers, which effort was rejected by Judge Fitzsimmons.  See docket entry #22 (Exhibit B).  Not until July 29, 2004 did plaintiff obtain leave to file the current complaint, which named the present defendants (albeit incorrectly).  Exhibit C.

Accordingly, at no time during the period prescribed by the statute of limitations did plaintiff commence an action against any of these defendants.  Not until more than sixteen (16) months after the expiration of the statutory period did he even procure leave to file a complaint which named all the current defendants.

While a pro se plaintiff is afforded considerable leeway under the Federal rules and procedures relating to pleading, he is still required to prosecute his claim with reasonable diligence.  By no reasonable stretch of interpretation can this plaintiff be considered to have done so, on this undisputed record.

## **CONCLUSION**

For all the foregoing reasons, plaintiff's claims against these defendants must be dismissed.

DEFENDANTS, MARK SIROIS, JOHN DOE, JOHN LUPPICHINO, JOHN O'CONNELL, JOHN SOUZO, JOHN STOLDT and JOHN McGEOWE


BY_____
Scott M. Karsten
Federal Bar No.: ct05277
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney
skarsten@sackspec.com

- 4 -

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 14th day of January, 2005, to the following:

Mustafa A. Bilal
Inmate Number 126798
MacDougall Correctional Institution
1153 East Street South
Suffield, CT 06080

_____
Scott M. Karsten