UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MUSTAFA BILAL
      Plaintiff,
V.

MARK SIROIS, JOHN DOE,
JOHN LUPPICHINO, JOHN O'CONNELL,
JOHN SOUZO, JOHN STOLDT, and
JOHN McGEOWE,
      Defendants.

: No 3:03 cv 1205 (SRU)(WIG)

FILED
2005 FEB 24 P 4:35
U.S. DISTRICT COURT
BRIDGEPORT, CONN

: February 22, 2005,

## MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

### FACTS

The defendants in this action have moved this court to dismiss all the plaintiff claims, citing that the plaintiff complaint was time barred by the applicable statute of limitations, and that the plaintiff did not or could not prosecute his claim with reasonable diligence or speed. the defendants motion to dismiss dated January 14, 2005. should not be honored for the following reasons.

### ARGUMENT (1)

The plaintiff states that pursuant to Fed.R.Civ.P. 15(a)(c)(1)(2) an amended complaint changing parties ''relates back'' to the time filing of the original complaint if the two complaint deal with the same subject matter, and if the new defendants received adequate notice to the action within the time limit for service of process. see.. Schiavone v. Fortune, 477 U.S. 21, 29, 106 S.Ct 2379(1986) the plaintiff in his original complaint also filed a motion to amend his complaint dated 1-16-03 pg. 4 of 5 as seen in defendants (exhibit A) and as a course of leeway it is well known that Federal procedures do afford the pro se' plaintiff leave to amend his complaint once freely when justice so requires, as also seen in defendants exhibit (A) pg. 4 of 5 plaintiff original motion to amend was entered into file and granted 7-23-03 and signed judge Fitzsimmons as well as the motion to proceed in forma pauperis signed and granted by Mag. judge Fitzsimmons on 5-21-03 as seen in defendants exhibit (A) pg. 4 of 5 the court can see that the plaintiff amended complaint relates back to the same subject matter, and the only changing that was done was the adding of the names of the known defendants within the time frame allowed by the court. see.. Satchell v. Dilworth, 745 F.2d 781, 786(2d Cir.1984) Wilson v. City of Atlantic city, 142 F.R.D. 603, 606 (D.N.J. 1992) see.. e.g.Merritt v. County of Los Angeles, 875 F.2d 765, 768(9th Cir.1989)

ARGUMENT (2)

The defendants argue that at certain points in the proceeding the plaintiff was attemping to circumvent the statute of limitation by adding parties to the action under the guise of correcting a technical error, for the sole purposes of discovery aimed at identifying those who were personally responsible for the unconstitutional violation of his libery.

in this plaintiff particular case the test for determining whether the "misnomer" rule is applicable, should be whether it is reasonable to conclude that the plaintiff had in mind the proper entity or person, or merely made a Mistake as to the name, and actually served that entity, or person intended, or whether plaintiff actually meant to serve and sue a different person. see.. Barber v. Tuohy, 1971 N.W. 2d 722, 725 N. 4, 33 Mich. App.169, (quoting Wright & Miller. see also, C.J. Wicland & Son Dairy Prods. Co. v. Wickard. D.C. Wis. 1945, 4 F.R.D. 250

The Misdescription in this case should be viewed and govern under Fed.R.Civ.P. 4 (h) in conjunction with Rule 15. as a technical misnomer, that in no way should affect the character of this claim, and allow plaintiff amended complaint to relate back to the time of filing the original complaint.

ARGUMENT (3)

In the interest of justice a court may not dismiss a pro se complaint pursuant to Fed.R.Civ.P. 12 (b)(6) unless it appears beyond doubt that the plaintiff can not prove no set of facts in support of his claims which would entitle him to relife Weixel v. Board of Educ. of the City of New York, 287 F.3d 138, 145 (2d Cir. 2002) (quoting Conley v. Gibson 355 U.S. 41, 45-46, 2L. Ed. 2d 80, 78 S.Ct. 49 (1957). it is particulary important to read a pro se complaint liberally when, as here, it alleges civil rights violations. see Morales v. Mackalm, 278 F. 3d 126 (2d Cir.2002) (citing Weinstein v. Albright, 261 F.3d 127, 131 (2d Cir.2001). as such,this court read plaintiff's allegations so as to "raise the strongest arguments that they suggest.

The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims,"

Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378(2d Cir.1995)(quoting Scherver v. Rhodes, 416 U.S.232, 236, 40 L.Ed. 2d 90, 94 S. Ct. 1683, 71 Ohio op. 2d 474 1941)

So the question here is, if the decisional law of the Supreme Court, and the applicable District Court, support the existence of the tolling provision set in Rule 15(c) Fed.R.Civ.P. see..(Ayala Serrano v. Lebron Gonzales, 909 F.2d 812,(1 Cir.1980) also see, Heinly v. Queen 146, F.R.D. 102, 106-08(E.D. Pa.1993) Brown v. Sheridan, 150 F.R.D. 462,-64(N.D. N.Y.1993) Hodge v. Ruperto, 739 F. Supp. 873, 881,(S.D.N.Y.1990)

STATEMENT OF CLAIM

The plaintiff in his orinignal complaint alleges that several of his constitutional rights was violated under the provisions of the 4th, 8th, and the 14th Amendments of the constition of the United States, the defendants in this misconduct of "gross abuse of its governmental power, have deprived the plaintiff of his constitutional rights to due process of the law, and due to the consequence of the defendants misconduct, the plaintiff has valid claims for redress and damages within the explicit textual of section 1983 of title 42 of the United States code that provides in relevant part;

every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory of the district of Columbia, subject, or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

justice can't meet with subjective good faith alone, there must be a perpetual mediating mechanism represented, and those conscious enough to guide its course, someone professionaly trained in the field of law, that knowns a suit at law is not a childish game, but a serious effort on the part of adult human beings to administer justice; and purpose of process is to bring parties into court. if it name them in such terms that every intelligent person understands who is meant, as in this case here, it has fullfilled its purpose.

CONCLUSION

For all of the foregoing reasons, this court should not dismiss this case.

BY _Mustafa Bilal_
MUSTAFA BILAL
Plaintiff,

285 Sharker RD.
P.O. Box 1400
Enfield, Ct.
06082

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 22, day of February, 2005. to the following:

Scott M. Karsten
Federal Bar No. ct 05277
836 Farmington Avenue Suit-221
West Hartford, CT. 06119-1544
(860) 233-8251
skarsten@sackspec.com

BY _Mustafa Bilal_
Plaintiff.