FEB 10 2005

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAR 15 P 2:59

MUSTAFA BILAL,
    Plaintiff,

:No3:03cv0120(SRU)(WIG)

V.

MARK SIROIS, JOHN DOE,
JOHN LUPPICHINO, JOHN O'CONNELL,
JOHN SOUZO, JOHN STOLDT, and
JOHN McGEOWE,
    Defendants.

: Feb, 7 2005

## BRIEF IN SUPPORT OF MOTION TO COMPEL

Statement of the case

This is a §1983 action filed by a prisoner while incarcerated, seeking punitive and compentory damages base on an arrest without a warrant, no probable cause for arrest, unreasonable search and seizures, violation of Conn. Gen. stat.§54-36h, 18 U.S.C. §3109, rule 41(d)and Fed. R.Crim.P.4(A). this motion seeks to compel answers to plaintiff's request for the production of documents pursuant to rule 37,F.R.C.P.

Statement of facts.
On December the 2, 2004. the plaintiff filed a request for production of documents pursuant to rule 34 F.R.C.P. as set forth in the plaintiff's affidavit the defendants as of yet, have not complyed or answered the request for porduction of documents since plaintiff first contact.

ARGUMENT (1).

The requested discovery is relevant to the subject matter of the lawsuit. rule 26(1)(A)(B)(C) F.R.C.P. provides that a party may obtain discovery regarding any matter not privileged which is relevent of the subject matter involved in the pending action.... each item that plaintiff request is relevant to the subject matter of the lawsuit.

Item 1.)For any and all complaints or misconduct reports received by the defendants or their agents within the past 2 yrs. from March of 98,to March of 2000 concerning illegal arrest, abuse of authority,excessive force,and abuse

against any citizen of the U.S. or other person within East Hartford Connecticut, it is relevant to the allegation in the complaint of arrest without a warrant or probable cause that cheif Mark Sirois, knew of or should have known of his subordinates history of misconduct, which he make no action to correct were it is necessary to establish chief Mark Sirois, personal liability under §1983 see Wright v. Mcmann, 460 F.2d 126, 134-35 (2d cir.1972) Maryland v. Garrison, 480 U.S. 79 107 S.ct 1013, 94 Led. 2d 72 (1987).

Item 2.) For any and all policies concerning illegar arrest, abuse of authority excessive force while on or off duty which a police officer has to refrain from is relevant to the allegations in the complaint of police policies were defendants ignoned and abaned, are subject to liability for damages under §1983 for unconstitutional acts even the use of excessive force can give rise to claim under §1983, see Bass v. Robinson, 167 F.3d 1041 (6 cir. 1999)

Item 3.) For any and all court decisions or consent decree against defendants or their agent concerning illegal arrest, abuse of authonity, excessive force against any citizen of the U.S. or other persons within the East Hartford city, of Connecticut, is relevant considering the fact that defendants acting under color of law had a history of breaking the law, are liable under §1983 for damages.

Item 4.) Any and all warrant(s) dated 3-11-00 or copies of same, relating to case docket no. 2000-6808 incident report is relevant to the allegation in the complaint of arrest without a warrant even fact that a person is in the complaint of person for whom a warrant has been issued does not constitute probable cause for search of that person.

Item 5.) Copy any and all records of police officers relating to warrant(s) dated 3-11-00 case no. 2000-6808 incident report is relevant to the allegation in the complant of unreasonable and thus unconstitulional an officer unannounced entry and unreasonable searchs and seizures without a secured warrant before conducting search. Maryland v. Dyson U.S.(ed 2d ___ 119 S.ct 2013 (1999)

Item 6.) Any and all books, tangible objects, paper photographs, or documents within the possession, custody or control of any of the defendants which is material as preparation to the plaintiff or which were obtain from or purportedly belong to the plaintiff on 3-11-00 arrest the date of warrant(s) dated 3-11-00 was executed, is relevant to the allegation in the complaint were seizure was not conducted pursuant to arrest warrant. Miller v. Kennebee county 219 F.3d 8 (2000).

Item 7.) Any and all written, recorded, or oral statement made by the plaintiff before or after the warrant(s) dated 3-11-00 under the direction of or in coopperation with the defendants concerning the case, it is relevant to the allagetion in the complaint were the plainting of false evidence by police officer gives rise to civil rights liability.

Item 8.) Copies of the plaintiff prior criminal record before case No:2000-6808 if any which are within the prossession, custody, or control of the defendants, the existance of which is known, or by exercise of due diligence may become known to the defendants, is relevant to the allegation in complaint were defendants took the plaintiff into custody solely to ascertan his idenity are not entitled to immunity when knowing of or knew it was illegal. Malley v. Briggs, 475 U.S. 335, 339, 106 S.Ct.-1029, 89 L.Ed.2d 271 (1986).

Item 9.) Any and all statute, rules or case law the defendants relied upon in believing their action were lawful to arrest the plaintiff, is relevant to the allegation in complaint were the defendants without a warrant unreasonable searches and seized the plaintiff. typically, a warrantless deprivation of liberty from the moment of arrest to the time of arraignment will find its analog in the tort of false arrest Broughton 373 N.Y. S 2d at 94 335 N.E. 2d at 315 whenever there has been an arrest and imprisoment without a warrant, the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful. Hygh v. Jacobs, 961 F.2d 359, 366, (2d Cir.1992).

ARGUMENT (2).

Defendants have not provided any response to the plaintiff's request, however they have not provided any factual support for an objection to this request, even when discovery is burdensome does not present an issue unless specific reason are shown. Leumi Financial Corp. v. Hartford Accident and Indemnity Co. 295 F. Supp. 539. 544. S.D. N.Y.(1969) the discovery sought is obviously not burdensome in any case, it consist only of documents relevant to the plaintiff claims, policies and use of daily operation of the police dept. policies according to laws and complaints defendants have received about certain specified practices, even if requested discovery were burdenson it would be required if relevant to the case. King v. Georgia Power Co.

SO.F.R.D. 134(N.D. G.A.1970) the relevant of the items sought is demostrated in argument (1)

CONCLUSION

WHEREFORE THE COURT SHOULD GRANT PLAINTIFF MOTION TO COMPEL DISCOVERY.

BY *Mustafa Bilal*
MUSTAFA BILAL, 'Pro'Se Plaintiff.
285 Shaker RD.
P.O. Box 1400
Enfield, CT. 06082

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 7 day of Feb, 2005. to the following:

Scott M. Karsten
Federal Bar No. ct 05277
836 Farmington Avenue Suit-221
West Hartford, CT. 06119-1544
(860) 233-8251
skarsten @ sackspec.com

Nicole D. Dorman
Federal Bar No. ct 07030
ndorman @ sackspec.com

BY _Mustafa Bilal_
MUSTAFA BILAL
          Plaintiff,
285 Shaker RD.
P.O. Box 1400
Enfield, CT. 06082