UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MUSTAFA BILAL : PRISONER
v. : Case No. 3:03CV120(SRU)(WIG)
EAST HARTFORD POLICE DEP.'T, et al. :

RULING AND ORDER

Mustafa Bilal filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The original complaint named the East Hartford Police Department as the only defendant. In July 2004, Bilal filed a second amended complaint naming Chief Sirois, Sergeants Doe and Luppichino and Officers O'Connell, Souzo, Stoldt and McGeowe as defendants. The second amended complaint is the operative complaint in this action. Bilal alleges that the defendants used excessive force while falsely arresting him on March 11, 2000. The defendants move to dismiss the action on the ground that the claims against them are time-barred. For the reasons that follow, the defendants' motion is granted.

I. Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). "'[T]he issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002). In other words, "the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (internal quotation omitted).

## II. Facts

For the purposes of deciding this motion, the court assumes that the following facts alleged in the second amended complaint are true.

On March 11, 2000, Bilal was sitting in his apartment watching television when he heard a loud banging on the front door of his apartment. Officers O'Connell, McGeowe, Souzo and Sergeants Doe and Luppichino entered the apartment without a warrant. Officers O'Connell and McGeowe grabbed Bilal, threw him down on the floor, searched him and applied handcuffs to his wrists. Officers Souzo and Seargeant Doe kicked and punched Bilal in the head and torso causing Bilal's nose to bleed and giving him a severe headache. The officers used racial slurs during Bilal's arrest. Sergeant Luppichino stood by and failed to intervene to stop the officers from assaulting Bilal. The officers then transported Bilal to the East Hartford Police Department.

Later that day, Bilal asked to see a doctor to treat his nosebleed, dizziness, cuts, chest pains and bruises. Sergeant Luppichino refused to call a doctor to treat Bilal.

Bilal claims that he suffered emotional distress and lost his job as a result of his false arrest and the use of excessive force by the defendants. He seeks compensatory and punitive

damages from the defendants in their individual capacities.

III. Discussion

Defendants argue that the action is barred by the statute of limitations. The limitations period for filing a section 1983 action is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The incidents described in the complaint occurred on March 11, 2000. Thus, Bilal had until March 11, 2003 to file his claims against the defendants.

Bilal signed the complaint on January 8, 2003 and the Clerk's Office received the complaint on January 16, 2003. Bilal named the East Hartford Police Department as the only defendant, but referenced unidentified police officers in the complaint. Bilal also filed a motion to amend the complaint on the same day that he filed his complaint. He did not attach a proposed amended complaint or identify any other defendants in his motion. He simply requested leave to file an amended complaint to add defendants. In July 2003, the court granted Bilal's request to file an amended complaint and directed him to file the amended complaint within twenty days. On February 4, 2004, Bilal finally filed his first amended complaint naming Chief of Police Mark Sirois, one unidentified police sergeant and five unidentified police officers as defendants. On July 29, 2004, the court granted Bilal leave to file a second amended complaint naming Mark Sirois, Sergeants Doe and Luppichino and Officers O'Connell, Souo, Stoldt and McGeowe as defendants.

The Second Circuit has held that a pro se prisoner complaint is deemed filed as of the

date the prisoner gives the complaint to prison officials to be forwarded to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Applying this "mailbox rule" to Bilal's first amended complaint, the court concludes that the the earliest the amended complaint could have been given to prison officials for mailing was February 14, 2004, the date Bilal signed the amended complaint. Thus, the first amended complaint was filed no earlier than February 14, 2004, approximately eleven months after the limitations period expired. The second amended complaint was filed in July 2004, sixteen months after the limitations period expired.

Because Bilal filed his claims against the defendants after the limitations period expired, Bilal can pursue those claims only if his amended complaints relate back to the date of the original complaint. See James W. Moore, Moore's Federal Practice § 15.19(3)(a) at 15-84 (3d ed. 1997) ("Rule 15 is the only vehicle available for a plaintiff to amend the complaint to change or add a defendant after the statute of limitation has run.").

Pursuant to Rule 15(c), an amendment in a pleading relates back to the date of the original pleading where "the amendment changes the party or naming of the party against whom a claim is asserted" and

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). Here, Bilal fails to meet the "mistake" criterion of the rule.

"Mistake" is not restricted to cases of misnomer. The court should permit "an

amendment to relate back to add a defendant that was not named at the outset, but was added later when plaintiff realized that the defendant should have been named...." Moore's Federal Practice § 15.19(3)(d) at 15-90. Under Rule 15(c)(3)(B), Bilal must allege a reason for the mistake in omitting the proposed additional defendants from the original pleading. See Soto v. Brooklyn Correctional Facility, 80 F.3d 34 (2d Cir. 1996) (plaintiff "must show that he failed to name the individual officers due to a 'mistake concerning the identity of the proper party'" in order for amended complaint to relate back to date of original complaint ) (citing Fed. R. Civ. P. 15(c)(3)(B)).

It is evident from Bilal's complaint and his response to the motion to dismiss that he was unaware of the identity of the officers and sergeants involved in the alleged false arrest and use of force when he filed this action. Lack of knowledge is not a mistake for which an amended pleading is allowed to relate back to the date of the original pleading. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir. 1995), modified and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996) (Rule 15(c) does not permit an amendment to relate back where new defendants were not added to the original complaint because the plaintiff did not know their identities; lack of knowledge cannot be characterized as mistake).

Because the only reason provided by Bilal for waiting over three years from the date of the incident in the complaint to add Chief Sirois, Sergeants Doe and Luppichino and Officers O'Connell, Souzo, Stoldt and McGeowe as defendants was his lack of knowledge as to their identities, Rule 15(c)(3)(B) does not permit the first and second amended complaints to relate back to the original complaint. Accordingly, the claims against the defendants named in the first and second amended complaints are barred by the statute of limitatins. The motion to dismiss is

granted on that ground.

Conclusion

The Motion to Dismiss [**doc. # 33**] is **GRANTED**. The Clerk is directed to close this case.

**SO ORDERED** this 13th day of December 2005, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge